### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK J. NAPOLITANO, JR. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| vs. | : | |
| | : | |
| TOWN SPORTS INTERNATIONAL | : | |
| HOLDINGS INC. and TOWN SPORTS | : | |
| INTERNATIONAL, INC. | : | |
| | : | |
| Defendants. | : | |

# C O M P L A I N T

## Parties and Jurisdiction

1.  Plaintiff Frank J. Napolitano, Jr., is an adult resident and citizen of the Commonwealth of Pennsylvania.

2.  Defendant Town Sports International Holdings, Inc. ("TSI Holdings"), is a Delaware corporation with its principal place of business in the State of New York.

3.  Defendant Town Sports International, Inc. ("TSI"), is a Delaware corporation with its principal place of business in the State of New York.

4.  The amount in controversy in this action is in excess of $75,000.00.

5. Jurisdiction of this Court is founded on diversity of citizenship, 28 U.S.C. § 1332.

6. The defendants conduct business in Pennsylvania on a continuous basis, are present in Pennsylvania for all purposes, and are subject to general jurisdiction in Pennsylvania.

7. The events giving rise to plaintiff's cause of action, and delivery of the consideration for the contract in issue, took place in this district.

**Facts**

8. Plaintiff was employed by TSI Highpoint, LLC ("Highpoint"), an affiliate of the defendants, on or about January 6, 2000, as Vice President, and was later promoted to Senior Vice President. TSI Holdings and/or TSI owns a controlling interest in Highpoint.

9. In connection with plaintiff's employment with Highpoint, on May 31, 2000, plaintiff and defendant TSI entered into a stock option agreement by which plaintiff was granted an option to purchase 6,600 shares of class A common stock of TSI (the "Original TSI Option").

10. In connection with plaintiff's employment with Highpoint, and in connection with a restructuring agreement by which TSI was reorganized as a wholly owned subsidiary of TSI Holdings, plaintiff and defendants TSI Holdings and TSI entered into a "New 2000 Common Stock Option Agreement" dated

2

February 4, 2004 (the "2000 Option"), by which plaintiff's existing options under the Original TSI Option were converted into options to purchase 6,600 shares of TSI Holdings. A true and correct copy of the 2000 Option is attached hereto as Exhibit A and incorporated herein by reference.

11. Under the 2000 Option, plaintiff was granted the right to purchase 3,960 shares of common stock of TSI Holdings at $75.00 per share, and 2,640 shares of common stock of TSI Holdings at $22.50 per share.

12. The 2000 Option included a phased vesting provision, by which specified numbers of plaintiff's options would vest as TSI Holdings met pre-established earnings targets.

13. TSI Holdings' earnings met or exceeded earnings targets set forth in the 2000 Option, and, as of February 11, 2004, the plaintiff's options to purchase 3,960 shares of common stock of TSI Holdings at $75.00 per share were fully vested under the 2000 Option, and indefeasible. A written memorandum confirming that vesting, written and delivered by a duly authorized officer of defendants TSI and TSI Holdings, is attached hereto as Exhibit B.

14. On or about June 2, 2006, under a plan of reorganization related to an initial public offering of shares of TSI Holdings, the authorized shares of class A common stock of TSI Holdings were increased by a multiple of 14; that is,

3

authorized shares of class A common stock of TSI Holdings were split, 14 to 1 (the "stock split").

15. By operation of paragraph 2(f) of the 2000 Option ("Adjustments upon Changes in Capitalization"), and by confirmatory action of the board of directors of TSI Holdings, the 2000 Option was recalculated, both as to shares and price-per-share, to account for the stock split.

16. As of June 8, 2006, plaintiff held vested options to purchase 55,440 shares of TSI Holdings under the 2000 Option, at a price per share of $5.36.

17. In connection with plaintiff's employment with Highpoint, on July 23, 2003, plaintiff and defendant TSI entered into a stock option agreement by which plaintiff was granted an option to purchase 1,000 shares of class A common stock of TSI (the "Second TSI Option").

18. In connection with plaintiff's employment with Highpoint, and in connection with a restructuring agreement by which TSI was reorganized as a wholly owned subsidiary of TSI Holdings, plaintiff and defendants TSI Holdings and TSI entered into a "New 2003 Common Stock Option Agreement" dated February 4, 2004 (the "2003 Option"), by which plaintiff's existing options under the Second TSI Option were converted into options to purchase 1,000 shares of TSI Holdings at $144.00 per share. A true and correct copy of the 2003 Option is attached hereto as Exhibit C and incorporated herein by reference.

19. The 2003 Option contained provisions for phased vesting contingent upon earnings of TSI Holdings, similar to those contained in the 2000 Option.

20. TSI Holdings' earnings met or exceeded earnings targets set forth in the 2003 Option, and, as of February 11, 2004, the plaintiff's options to purchase 200 shares of common stock of TSI Holdings at $144.00 per share were fully vested under the 2003 Option, and indefeasible.  A written memorandum confirming that vesting, written and delivered by a duly authorized officer of defendants TSI and TSI Holdings, is attached hereto as Exhibit B.

21. By operation of paragraph 2(f) of the 2003 Option ("Adjustments upon Changes in Capitalization"), and by confirmatory action of the board of directors of TSI Holdings, the 2003 Option was recalculated, both as to shares and price-per-share, to account for the 2006 stock split.

22. As of June 8, 2006, plaintiff held vested options to purchase 2,800 shares of TSI Holdings under the 2003 Option, at a price per share of $10.29.

23. The 2000 Option and the 2003 Option include substantially identical provisions requiring exercise of vested options, at the earliest, upon (1) a sale of all of the stock or substantially all of the assets of TSI Holdings, (ii) ten years from initial issuance, or (iii) within 90 days of plaintiff's termination of employment with TSI Holdings, whichever first occurs.

24. There has been no sale of all of the stock or substantially all of the assets of TSI Holdings since plaintiff's options vested under the 2000 Option and the 2003 Option.

25. Ten years have not elapsed since the initial issuance of the 2000 Option in 2000, or the 2003 Option in 2003.

26. Plaintiff was employed by Highpoint, and not by TSI Holdings or TSI, and the provision contemplating expiration of vested options at 90 days after termination of employment with TSI Holdings never became applicable.

27. Plaintiff's employment with Highpoint terminated on or about June 8, 2006.

28. Plaintiff remains a party to a consulting agreement by which he is obliged to provide services to TSI Holdings, TSI and Highpoint through June, 2007.

29. Plaintiff's relationship with TSI Holdings remains substantially the same on the date hereof as it did on June 8, 2006, namely, plaintiff is obliged by agreement to provide services to TSI Holdings as a non-employee consultant.

30. Plaintiff notified defendants of his exercise of the 2000 Option and the 2003 Option on or before June 21, 2006, effective September 5, 2006, and defendant had actual and constructive notice of plaintiff's intent to exercise both options.

31. In October, 2006, plaintiff learned that defendants claimed not to have received plaintiff's notice of exercise.

32. On November 1, 2006, plaintiff provided notice by electronic mail that he had provided notice of exercise, and provided additional notice that he continued to desire to exercise the vested portions of the 2000 Option and the 2003 Option.

33. Defendants declined to proffer shares of common stock of TSI Holdings in response to plaintiff's notice of exercise, claiming that the initial notice was not received within 90 days of termination of plaintiff's "employment" with TSI Holdings.

34. Plaintiff has fully performed the services required of him under the 2000 Option and the 2003 Option, and has tendered to the defendants the full amount of the purchase price of shares subject to said options.

35. Plaintiff's options to purchase 55,440 shares of TSI Holdings under the 2000 Option, and his options to purchase 2,800 shares of TSI Holdings under the 2003 Option, are fully vested and not expired.

36. Plaintiff has provided notice of exercise of said options.

37. Defendant TSI Holdings continues to refuse to sell shares of TSI Holdings to plaintiff under the terms of the 2000 Option and the 2003 Option.

38. Shares of TSI Holdings are currently trading in public markets at prices per share substantially in excess of the prices at which plaintiff is entitled to purchase such shares under the 2000 Option and 2003 Option.

### COUNT I  -  IN EQUITY  -  SPECIFIC PERFORMANCE

39. Plaintiff incorporates herein the allegations of paragraphs 1 through 38.

40. Plaintiff holds an equitable interest in the shares of TSI Holdings which were, and are, subject to the 2000 Option and the 2003 Option, and said equitable interest is protected by law against forfeiture.

41. Plaintiff would suffer substantial loss and injury if his right to purchase shares under the 2000 Option and the 2003 Option, at exercise prices of $5.29 per share and $10.29 per share, respectively, were not specifically enforced.

42. Defendants were not harmed or prejudiced by any alleged delay in receiving plaintiff's notice of exercise under the 2000 Option and 2003 Option.

43. The 2000 Option and the 2003 Option were granted to plaintiff as compensation for labor.

44. In good faith, in reliance upon the incentive compensation provided under the 2000 Option and the 2003 Option, and through substantial efforts as an employee of Highpoint over more than six years, plaintiff has improved and added

value to the defendant corporations and added value to the shares representing ownership of defendant TSI Holdings.

45. Plaintiff has fully and faithfully provided all of the consideration and performance required of him under the 2000 Option and the 2003 Option as an employee of Highpoint and consultant to defendant TSI Holdings.

WHEREFORE, plaintiff respectfully prays for a decree, in equity, of specific performance, requiring defendants to accept plaintiff's exercise of rights to purchase 55,440 shares of defendant TSI Holdings at $5.36 per share, and 2,800 shares of defendant TSI Holdings at $10.29 per share, in each case upon tender by plaintiff of the purchase price for such shares.

## COUNT II - ACTION AT LAW - BREACH OF CONTRACT

46. Plaintiff incorporates herein the allegations of paragraphs 1 through 45.

47. Plaintiff timely, fully and substantially performed the 2000 Option and the 2003 Option.

48. Defendants' failure to accept exercise of the 2000 Option and 2003 Option was a breach of said agreements.

49. The market high for shares of class A common stock of defendant TSI Holdings between September 5, 2006 and the date of this complaint was $20.85 per share.

50. As a result of defendants' breach, plaintiff has suffered loss and damage under the 2000 Option in an amount not less than $858,765.60, and under the 2003 Option in an amount not less than $29,568.00.

WHEREFORE, plaintiff demands judgment in his favor, against each defendant, jointly and severally, in an amount not less than $888,333.60, together with pre- and post-judgment interest, and costs of suit.

S/ *Richard G. Tuttle*

_____
Richard G. Tuttle
Archer & Greiner, P.C.
Suite 1620
One South Broad Street
Philadelphia, PA  19107
(215) 963-3300

Counsel for Plaintiff
Frank J. Napolitano, Jr.

February 23, 2007