BECKER, GLYNN, MELAMED & MUFFLY LLP

299 PARK AVENUE

NEW YORK, NEW YORK 10171

ROBERT C. MUFFLY
ROBIN L. ALPERSTEIN
RICHARD S. BASHNER
RICHARD N. CHASSIN
MICHAEL J. DOUGHERTY
PETER M. HOSINSKI
ZEB LANDSMAN
DAVID W. SCHAAF
PETER VAN NUYS
RACHEL KORN WASSERMAN

STEPHEN PARKER BUHOFER
JESSE T. CONAN
KARIN P.E. GUSTAFSON
EDWARD A. MARSHALL
ANDREA MARQUEZ-BOTTOME
PATRICK J. O'BRIEN
JESSICA M. PALOMINO
JORDAN E. STERN
CLIFFORD G. TSAN

ATTORNEYS AND COUNSELLORS
AT LAW

TELEPHONE (212) 888-3033
FACSIMILE (212) 888-0255
www.beckerglynn.com

JOSEPH D. BECKER
BONNIE R. KLUGMAN
OF COUNSEL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07



RECEIVED
JUL 12 2007
RICHARD J. HOLWELL

July 11, 2007

Judge Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Napolitano v. Town Sports (Civil Action No. 07-6125)

Dear Judge Holwell:

We represent defendant Town Sports International Holdings, Inc. ("Holdings"), which filed a motion to dismiss before this case was transferred to this Court from the Eastern District of Pennsylvania. We write to alert the Court that part of that motion (which sought to dismiss for failure to state a claim) remains pending.

Plaintiff Frank J. Napolitano's complaint alleges that Holdings breached two stock option agreements entered into among himself, Holdings and Town Sports International, Inc. ("International"). Both agreements are attached to the complaint. Each granted Napolitano options to purchase Holdings stock. Napolitano alleges that he exercised his options in compliance with the requirements of the agreements, but that Holdings failed to issue him stock. Napolitano has brought this action seeking specific performance of the agreements (Count I) and damages (Count II). Holdings contends that Napolitano does not, and cannot, allege that he exercised his options in a timely, proper manner.

Defendants moved in the Eastern District of Pennsylvania to dismiss the complaint because there was no jurisdiction over Holdings, FED. R. CIV. P. 12(b)(2); because the complaint failed to state a cause of action against Holdings, FED. R. CIV. P. 12(b)(6); and because International was not a proper party, FED. R. CIV. P. 12(b)(6).

By order dated May 23, 2007, the Pennsylvania court dismissed International as an improper party, and transferred the rest of the case to this Court. *Napolitano v. Town Sports International Holdings, Inc.*, 2007 U.S. Dist. LEXIS 37864 (E.D. Pa. May 23, 2007). But, because the Pennsylvania court concluded that it did not have jurisdiction over Holdings, it did not decide that part of the motion seeking dismissal for failure to state a claim against Holdings. That portion of the motion is fully briefed, and remains pending. Since the motion is fully submitted, we assume that a pre-motion conference under Rule 3(A) of the Court's practices is unnecessary. But if the Court would prefer that we request a pre-motion conference, we respectfully ask that the Court alert us, and we will make the appropriate application.

Respectfully submitted,

Jordan Stern

cc: Richard G. Tuttle, counsel to plaintiff

> The parties are directed to file their briefs on ECF on or before July 25, 2007.
>
> SO ORDERED:
> Date: 7/16/07
> Richard J. Holwell, U.S.D.J.