# ARCHER & GREINER
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

ONE SOUTH BROAD STREET
SUITE 1600
PHILADELPHIA, PA 19107
TEL  215-963-3300 / 215-568-4166
FAX  215-963-9999 / 215-568-2843

www.archerlaw.com

HADDONFIELD OFFICE
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
856-795-2121
FAX 856-795-0574

FLEMINGTON OFFICE
PLAZA ONE
1 STATE ROUTE 12, SUITE 201
FLEMINGTON, NJ 08822-1722
908-788-9700
FAX 908-788-7854

PRINCETON OFFICE
700 ALEXANDER PARK
SUITE 102
PRINCETON, NJ 08540
609-580-3700
FAX 609-580-0051

WILMINGTON OFFICE
300 DELAWARE AVENUE
SUITE 1370
WILMINGTON, DE 19801
302-777-4350
FAX 302-777-4352

**RICHARD G. TUTTLE**

Email Address:
rtuttle@archerlaw.com

October 24, 2007

Honorable Richard J. Holwell
Judge, United States District Court for
  the Southern District of New York
500 Pearl Street
New York, NY  10007

OCT 2 6

Re:  Napolitano v. Town Sports, Civil Action No. 07-6125

Dear Judge Holwell,

    We take exception to defendant's letter to the Court of this date describing plaintiff as having "re-file[d] his motion" for summary judgment. The above-referenced case was transferred to the Southern District of New York from the Eastern District of Pennsylvania by order dated May 23, 2007. Our understanding of a transfer order is that is has no effect, whatsoever, upon the existing record in the case. The plaintiff's motion for summary judgment, with all attachments, was filed in the Eastern District of Pennsylvania on April 24, 2007, and was pending when the case arrived in this Court. It was not, in any sense, "re-filed."

    The defendant notes that "[w]e had expected plaintiff to seek the pre-motion conference required by Rule 3.A of this Court if he desired to re-file his motion." We have difficulty understanding why the defendant harbored that expectation. The plaintiff's posting of his motion on ECF follows the defendant's having taken *exactly* the same action -- with respect to defendant's then-pending motion to dismiss in lieu of answer -- on July 24. Notably, the defendant did not seek a pre-motion conference under Your Honor's Rule 3A before posting its own dispositive motion on ECF (which made sense, because the motion was already of record), and now purports to criticize the plaintiff for having taken the same step.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07

Honorable Richard J. Holwell
October 24, 2007
Page 2

    Of course, the Court may wish to require the defendant to request a pre-motion conference under Rule 3A before the Court gives any further consideration to the defendant's pending motion to dismiss. Given the defendant's newfound concern for the policies implicit in that Rule, we think a pre-motion conference would be a good idea. We obviously do not believe that the defendant's "speaking demurrer" is properly supportable or appropriate on the current state of the pleadings, and would welcome an opportunity to make that case during conference. Obviously, we would be pleased to discuss the plaintiff's pending motion for summary judgment at the same time.

    In all events, the signed stipulation attached to defendant's letter speaks for itself, and the plaintiff has never suggested, in any fashion, that he would insist that the defendant answer plaintiff's motion for summary judgment before an initial conference with the Court. For the reasons noted, we respectfully take this opportunity to request an initial conference in this matter, at Your Honor's convenience.

                                   Respectfully,

                                   Richard G. Tuttle

RGT:kh

cc:    Jordan E. Stern, Esquire
        Counsel for Defendant

VIA FACSIMILE

*[Handwritten note:]* Plaintiff's motion for summary judgement is deemed withdrawn and may be refiled following (1) a decision on defendant's motion to dismiss and (2) the holding of a pre-motion conference. SO ORDERED. *[signature]*